# In the United States Court of Federal Claims

No. 19-988T

(Filed: September 24, 2019)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **REGINALD CUPID NOBLE ESTATE,** | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| **UNITED STATES,** | ) ) ) |
| Defendant. | ) ) ) |

Reginald Cupid Noble, *pro se*, Philadelphia, Pennsylvania.

Sophia Siddiqui, Attorney, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Richard E. Zuckerman, Principal Deputy Assistant Attorney General, Tax Division, and David I. Pincus, Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Plaintiff Reginald Noble has brought suit in this court alleging a breach of fiduciary duties by the trustees of his bankruptcy estate and past due pension amounts owed him by his former employer, the Southeastern Pennsylvania Transportation Authority ("SEPTA"). He seeks "immediate removal" of the trustees and punitive damages against SEPTA in the amount of five million dollars. Compl. at 4.

Because this court lacks subject-matter jurisdiction, Mr. Noble's claims are dismissed.

### BACKGROUND

As far as the court can determine, Mr. Noble's complaint appears to make two claims: one against the trustees of his bankruptcy estate and the other against SEPTA. Mr. Noble claims to be the inheritor of a bankrupt estate. *See* Compl. at 2. He avers that the estate's two "[t]rustees ex-officio" are the state of Pennsylvania and the United States and alleges that unnamed "corporate employees" filled out forms to "falsely imply" that he was deceased and therefore unable to inherit the estate. Compl. at 2. Because he is still living, Mr. Noble asserts,

the trustees lack jurisdiction and should be removed from exercising further control over the estate's deposit accounts. *See* Compl. at 3.

Mr. Noble also worked at SEPTA for sixteen years, from 1979 to 1995, when he "resigned in good standing." Compl. at 4. He asserts that his pension has fully vested, but despite multiple attempts in contacting SEPTA, the pension has not yet been paid. *See* Compl. at 4. He seeks the recovery of his pension and punitive damages in the amount of five million dollars. Compl. at 4.

Mr. Noble filed his complaint with this court on July 9, 2019. *See* Compl. The United States filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") on September 10, 2019. Def.'s Motion to Dismiss ("Def.'s Mot."), ECF No. 8.

## STANDARDS FOR DECISION

*Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to do so, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

Mr. Noble, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[1] "Subject matter jurisdiction is an inquiry that this court must raise *sua sponte*." *Metabolite Labs., Inc. v. Laboratory Corp. of Am. Holdings*, 370 F.3d 1354, 1369 (Fed. Cir. 2004). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3)

---

[1] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for pro se litigants only.").

("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

As an initial matter, Mr. Noble fails to provide a "short and plain statement of the grounds for the court's jurisdiction." *Ruther v. United States*, No. 18-1110C, 2018 WL 5095451, at *3 (Fed. Cl. Oct. 17, 2018) (citing RCFC 8(a)), *aff'd*, No. 2019-1230 (Fed. Cir. May 1, 2019) (per curiam). He does not cite or identify any federal statutes or regulations, or money-mandating constitutional provisions, that would provide the court with jurisdiction, and his complaint is unavailing on this basis alone.

More importantly, this court lacks subject-matter jurisdiction over Mr. Noble's complaint because this court can only hear claims against the United States. *See Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (finding the Court of Federal Claims lacks jurisdiction "over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees"). Likewise, this court lacks jurisdiction over claims "sounding in tort." 28 U.S.C. § 1491(a)(1). Mr. Noble's complaint alleges a claim against SEPTA, which is not a federal entity. To the extent that the complaint mentions the United States, it does so only in the context of what are apparently allegations of a breach of fiduciary duty. But "[b]reach of fiduciary duty is generally classified as a tort" and therefore this court lacks jurisdiction over such claims. *Newby v. United States*, 57 Fed. Cl. 283, 294 (2003) (citations omitted). As a result, this court cannot exercise jurisdiction over any of Mr. Noble's claims and must dismiss his complaint.[2]

## CONCLUSION

For the reasons stated, Mr. Noble's complaint shall be DISMISSED without prejudice for lack of subject-matter jurisdiction. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Senior Judge

---

[2]The United States District Court for the District of New Jersey also dismissed an action brought by Mr. Noble. *See Noble v. Thalheimer*, No. 12-CV-04198 (KM), 2013 WL 396161 (D.N.J. Jan. 31, 2013). The court ruled that Mr. Noble's amended complaint "cannot be construed as supplying facts in support of a claim that would entitle the plaintiff to relief." *Id.*, 2013 WL 396161, at *3.